00095
USDC/RI
Smith, W.

# United States Court of Appeals
## For the First Circuit

---

No. 05-1890

# MANDATE

UNITED STATES,

Appellee,

v.

CARLOS GOMES,

Defendant, Appellant.

---

Before

Lynch, Lipez and Howard,
Circuit Judges.

---

**JUDGMENT**
**Entered: February 6, 2006**

Defendant-appellant Charles Gomes pled guilty to the charge of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and received the statutory maximum sentence of imprisonment -- ten years -- under 18 U.S.C. § 924(a)(2). His sentence was greatly augmented, pursuant to the United States Sentencing Guidelines, by the district court's finding that he fired the weapon with homicidal intent at a police cruiser occupied by two officers.

At his plea colloquy under Fed.R.Crim.P. 11, Gomes admitted the predicates of the offense, but explained that, at the time, he was distressed by the recent death of his stepmother and heavily impaired by narcotics and alcohol. The court accepted his guilty plea. At sentencing, the court considered the question of Gomes' intent to be a close one, but ultimately decided that he should be sentenced in accordance with the base offense level guideline applicable to attempted murder.

On appeal, Gomes argues that his statements at the colloquy establish that he was not sane at the time of the offense, and thus

not guilty of a crime. We need not impugn the premises of this argument, because it fails on its own terms.

Even if Gomes might have had a colorable insanity defense under 18 U.S.C. § 17, such an affirmative defense would not deprive his plea of its factual predicate under Fed.R.Crim.P. 11(b)(3). See United States v. Delgado-Hernandez, 420 F.3d 16 at 31 (1st Cir. 2005)("some basis for thinking that the defendant is at least arguably guilty" sufficient to support a guilty plea). See also Acevedo-Romos v. United States, 961 F.2d 305 at 308 (1st Cir. 1992)(waiver of affirmative defenses by a plea of guilty need not be explicit).

As for the sentence imposed, the district court's determination on what it characterized as a 'close question' of intent in this case did not give rise to 'clear error.' See generally United States v. Mateo, 271 F.2d 11, 13 (1st Cir. 2001)(sentencing court's factual determinations are reviewed for clear error). The district court was well within bounds when it discounted Gomes's claimed lack of homicidal intent in the face of uncontradicted evidence that he acquired a gun, closed in on a police cruiser, and fired at the occupied passenger compartment, albeit with less than perfect aim.

Affirmed.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ________________________

Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

George Kwtae

**Deputy Clerk**

**Date:** 2/27/06

[cc: David J. Barend, Esq., Richard W. Rose, AUSA, Donald Lockhart, AUSA, Carlos Gomes]